IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANNAN MOORE                                                                                           PLAINTIFF
*On behalf of*
A MINOR CHILD, C.J.C.

vs.                                            Civil No. 6:08-cv-06033

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Shannan Moore ("Plaintiff") brings this action on behalf of a minor child, C.J.C., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying C.J.C.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

On June 4, 2004, Plaintiff filed an application for childhood disability benefits on behalf of C.J.C.  (Tr. 10, 38).  Plaintiff alleged C.J.C. was disabled due to seizures.  (Tr. 75).  Plaintiff alleged C.J.C.'s onset date was December 19, 2000.  (Tr. 81).  The relevant time period for benefits begins

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

with the filing of the application of June 4, 2004. *See* 20 C.F.R. § 416.335.

This application was denied initially on September 7, 2004 and again on reconsideration on March 21, 2005. (Tr. 30-36). On April 5, 2005, Plaintiff requested an administrative hearing on this application. (Tr. 37). Specifically, with this request, Plaintiff stated C.J.C was permanently and totally disabled and had no transferrable skills. (Tr. 37). The administrative hearing was held in Hot Springs, Arkansas on May 11, 2006. (Tr. 178-198). Plaintiff and C.J.C. were present and were represented by counsel, Shannon Carroll, at this hearing. *See id.* Plaintiff testified at this hearing. *See id.* At the time of this hearing, C.J.C. was ten (10) years old and was in the fourth grade in school. (Tr. 181).

On October 23, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for C.J.C. (Tr. 10-17). In this opinion, the ALJ determined C.J.C. was ten (10) years old. (Tr. 11). The ALJ determined C.J.C. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision. (Tr. 11). The ALJ determined C.J.C. had the following severe impairments: seizure activity and headaches. (Tr. 11). However, the ALJ also determined that C.J.C. did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 16).

In this opinion, the ALJ evaluated C.J.C.'s six domains of functioning and determined C.J.C. did not have an impairment or combination of impairments functionally equivalent to the Listings. (Tr. 13-16). Specifically, the ALJ determined C.J.C. did not have an extreme or marked limitation in any of his six domains of functioning. *See id.* The ALJ determined C.J.C. had no limitation in the following domains: (1) acquiring and using information, (2) moving about and manipulating

objects, and (3) caring for yourself. (Tr. 13-16). The ALJ also determined C.J.C. had a less than marked limitation in the following domains: (1) attending and completing tasks, (2) interacting and relating with others, and (3) health and physical well-being. (Tr. 13-16). In making these determinations, the ALJ evaluated the testimony regarding C.J.C.'s alleged disability. (Tr. 11-13). The ALJ determined these subjective complaints of disability were not credible to the extent alleged. (Tr. 11-12). Based upon these findings, the ALJ determined C.J.C. was not under a "disability," as defined by the Act, at any time through the date of the ALJ's decision or through October 23, 2006. (Tr. 17).

On November 16, 2006, Plaintiff requested that the Appeals Council review the ALJ's unfavorable disability determination. (Tr. 6). On February 28, 2008, the Appeals Council declined to review this determination. (Tr. 3-5). On March 28, 2008, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7, 10). The parties consented to the jurisdiction of this Court on April 3, 2008. (Doc. No. 4). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2004, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in

substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

5

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (a) Plaintiff meets or medically equals a Listed impairment for disability, and (b) substantial evidence does not support the ALJ's determination that C.J.C.'s impairments are not functionally equivalent to the Listings. (Doc. No. 7, Pages 3-20). In response, Defendant argues the ALJ's disability determination is supported by substantial evidence in the record and the ALJ properly determined C.J.C.'s impairments were not functionally equivalent to a Listing. (Doc. No. 10, Pages 5-14).

**A. Listings**

The ALJ found C.J.C. did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included seizure activity and headaches. (Tr. 11). However, there was no substantial evidence in the record showing C.J.C.'s condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff's argues C.J.C.'s seizure disorder meets or equals medical Listing section 111.02 for major motor seizure disorder. (Doc. No. 7, Pages 16-20). The Listing states:

111.02 Major motor seizure disorder

A. Convulsive epilepsy. In a child with an established diagnoses of epilepsy, the occurrence of more than one major motor seizure per month despite at least three months of prescribed treatment. With:

1. Daytime episodes (loss of consciousness and convulsive seizures); or

2. Nocturnal episodes manifesting residuals which interfere with activity during the day.

6

      B. Convulsive epilepsy syndrome. In a child with an established diagnosis of epilepsy, the occurrence of at least one major motor seizure in the year prior to application despite at least three months of prescribed treatment. And one of the following:

      1. IQ of 70 or less; or

      2. Significant interference with communication due to speech, hearing, or visual defect; or

      3. Significant mental disorder; or

      4. Where significant adverse effects of medication interfere with major daily activities.

On May 22, 2004, Plaintiff was seen in the St. Joseph's Mercy Health Center's Emergency Department for a complaint of seizure. (Tr. 118). Plaintiff stated C.J.C. had been fine until he passed out without any grand mal seizure activity. (Tr. 118). The seizure was not witnessed by anyone. (Tr. 118). There was no oblivious injury from this incident. (Tr. 118). Plaintiff indicated C.J.C. had been on Topamax until about a year ago, but the medication was stopped when C.J.C.'s electroencephalographic (EEG) scan was normal. (Tr. 118). A CT scan of C.J.C.'s head taken on that day was normal. (Tr. 120). On May 28, 2004, C.J.C. had another EEG. (Tr. 115). This scan was also normal. (Tr. 116).

Following this, Plaintiff was referred by Dr. Phyllis Heinemann to Dr. James Brauan for a vision examination. This exam occurred on June 18, 2004. (Tr. 127). Dr. Braun indicated C.J.C.'s best visual acuity, without correction, was 20/40. (Tr. 127). Otherwise, C.J.C's eye examination was completely normal. (Tr. 127). On July 2, 2004, C.J.C. underwent a visual field test which was completely normal with no evidence of neurological field or vision loss. (Tr. 126). On July 9, 2004 C.J.C. had a MRI of the brain which was normal. (Tr. 131).

On February 16, 2005, C.J.C. was seen at the Arkansas Children's Hospital Pediatric

Emergency Department for symptoms associated with viral illness, constipation, and an ear infection. (Tr. 169-70, 173, 174). The record indicates C.J.C. had a seizure the previous night, which was the first one in eight months. (Tr. 172). C.J.C. was released home on an antibiotic, Topamax for seizures, and Prevacid for acid reflux. (Tr. 170).

The ALJ also considered the Seizure RFC Questionnaire completed by Dr. Heinemann on March 13, 2006. (Tr. 162-165). In this report, Dr. Heinemann indicated C.J.C had generalized partial complex seizures, with loss of consciousness, averaging one to two times per week, and lasting 30 seconds at a time. (Tr. 162). The ALJ properly discounted these opinions because the report was internally inconsistent with the doctor's treatment notes and inconsistent with the overall record. (Tr. 15).

The objective record does not document the occurrence of more than one major motor seizure per month, despite at least three months of prescribed therapy as specified under Listing subsection "A." 20 C.F.R. pt. 404, subpt. P, app. 1, § 111.02(A). Additionally, as noted under listing subsection "B," the objective record does not document the occurrence of at least one major motor seizure in the year prior to application, despite at least three months of prescribed treatment along with: (1) an IQ of 70 or less; (2) significant interference with communication due to speech, hearing, or visual defect; (3) a significant mental disorder; or (4) significant adverse effects of medication interfering with major daily activities.

I find substantial evidence supports the ALJ's determination C.J.C. did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

### B. Domains of Functioning

Plaintiff claims the ALJ erred by finding C.J.C.'s impairments were not functionally

8

equivalent to the Listings. (Doc. No. 7, Pages 3-15). Specifically, Plaintiff claims C.J.C. has the following limitations: (a) marked or extreme limitation in acquiring and using information,[2] (b) marked or extreme limitation in attending and completing tasks, (c) marked or extreme limitation in interacting and relating with others, (d) no limitation in moving about and manipulating objects, (e) marked limitation in caring for yourself, and (f) marked or extreme limitation in health and physical well-being.[3] This Court will address each of these six domains of functioning.

### 1. Acquiring and Using Information

The domain of Acquiring and Using Information, includes the ability to think, to acquire and use information, and to engage in visual and verbal reasoning, problem solving, and idea development. *See* 20 C.F.R. § 416.926a(g). Additional functional criteria are described for each age group in each domain of functioning. *See* 20 C.F.R. § 416.926a(g)(2). In this domain, "school-age" children (within the age group 6 to 12) should be able to learn to read, write, and do math, and discuss history and science. *See* 20 C.F.R. § 416.926a(g)(2)(iv).

The ALJ determined C.J.C. had no limitation in the domain of acquiring and using information. (Tr. 14). Plaintiff claims C.J.C. has a marked or extreme limitation in acquiring and using information. (Doc. No. 7, Pages 6-7). In support of the argument that C.J.C. has this marked or extreme limitation, Plaintiff notes C.J.C. had multiple school detentions for failing to follow instructions. *See id.* Such evidence does not support a limitation in this domain. However, as the

---

[2] Plaintiff does not specifically state whether she claims C.J.C. has a *marked* or an *extreme* limitation in this domain of functioning. (Doc. No. 7, Pages 6–7). Therefore, this Court assumes Plaintiff is arguing that C.J.C. has either a marked or an extreme limitation in this domain of functioning. *See id.*

[3] Plaintiff does not specifically state whether she claims C.J.C. has a *marked* or an *extreme* limitation in this domain of functioning. (Doc. No. 7, Page 15). Therefore, this Court assumes Plaintiff is arguing that C.J.C. has either a marked or an extreme limitation in this domain of functioning. *See id.*

ALJ pointed out, C.J.C. is a straight A student in school. (Tr. 14).  Such evidence would support a finding of no limitation in this domain.

This Court finds Plaintiff did not meet her burden of establishing C.J.C. suffers from a marked or extreme limitation in this domain of functioning.

### 2. Attending and Completing Tasks

The domain of Attending and Completing Tasks, involves consideration of how well the child is able to focus and maintain attention, and how well the child begins, carries through, and finishes activities, including the pace at which activities are performed and the ease with which the child changes them. *See* 20 C.F.R. § 416.926a(h). In connection with this domain, school-age children should, among other things, be able to focus attention sufficiently to follow directions, remember and organize school materials, and complete classroom and homework assignments. *See* 20 C.F.R. § 416.926a(h)(iv).

The ALJ determined C.J.C. had a less than marked limitation in the domain of attending and completing tasks. (Tr. 14). Plaintiff claims C.J.C. has a marked or extreme limitation in this domain of functioning. (Doc. No. 7, Pages 7-10). In support of this claim, Plaintiff refers to school detention notices for failing to follow rules in class. (Doc. No. 7, Pages 8-9).  The ALJ acknowledged that C.J.C.'s school records do show he has had some degree of difficulty in following instructions, however such actions did not establish a marked or extreme limitation in this domain. (Tr. 14). The ALJ properly found C.J.C. had a less than marked limitation in this domain. (Tr. 14).

This Court finds Plaintiff did not meet her burden of establishing C.J.C. suffers from a marked or extreme limitation in this domain of functioning.

### 3. Interacting and Relating with Others

The domain of Interacting and Relating with Others involves how well the child initiates and

sustains emotional connections with others, develops and use the community's language, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i)**.**

The ALJ determined C.J.C. had a less than marked limitation in the domain of interacting and relating with others. (Tr. 14). Plaintiff claims C.J.C. has a marked or extreme limitation in this domain of functioning. (Doc. No. 7, Pages 11-12). In support of this claim, Plaintiff testified C.J.C. did not have many friends and got in trouble at school for fighting. (Doc. No. 7, Pg 11). The ALJ acknowledged that C.J.C.'s school records do show he has had some degree of difficulty in following instructions. (Tr. 14). However there is no credible evidence which would establish C.J.C has a marked or extreme limitation in this domain.

This Court finds Plaintiff did not meet her burden of establishing C.J.C. suffers from a marked or extreme limitation in this domain of functioning.

### 4. Moving About and Manipulating Objects

The ALJ determined C.J.C. had no limitation in the domain of moving about and manipulating objects. (Tr. 15). The Plaintiff did not dispute this finding. (Doc. No. 7, Pg. 13).

### 5. Caring for Yourself

This domain requires consideration of how well the child can maintain his emotional and physical health, including the ability to fulfill wants and needs, as well as cope with stress and change, and caring for his or her own health, possessions, and living area. 20 C.F.R. § 416.926a(k).

The ALJ determined C.J.C.. had no limitation in the domain of caring for yourself. (Tr. 15). Plaintiff claims C.J.C. has a marked limitation in this domain of functioning. (Doc. No. 7, Pages 13-14). Specifically, Plaintiff claims C.J.C. cannot care for himself because he suffers from confusion, exhaustion, headaches, irritability and dizziness. *See id.*

Plaintiff fails to establish any limitation in this domain. The conditions Plaintiff relies on to support her claim come from her testimony and are not supported by the overall record. Further, there is no evidence showing C.J.C. has a limitation in caring for himself.

This Court finds Plaintiff did not meet her burden of establishing C.J.C. suffers from a marked or extreme limitation in this domain of functioning.

### 6. Health and Physical Well-Being

In this domain, the issue is the cumulative physical restrictions upon the functioning of claimant's physical and mental impairments, and their associated treatments or therapies on the child's functioning not otherwise considered in the domain of "moving and manipulating objects." 20 C.F.R. § 416.926a(l).

The ALJ determined C.J.C. had a less than marked limitation in the domain of health and physical well-being. (Tr. 15). Plaintiff claims C.J.C. has a marked or extreme limitation in this domain of functioning. (Doc. No. 7, Pages 15-16). Plaintiff argues the ALJ ignored the severity of C.J.C.'s epilepsy and that C.J.C.'s condition meets the Listing 111.02 for Major Motor Seizure Disorder. (Doc. No. 7, Pages 15-16). However, as was discussed above, there was no substantial evidence in the record showing C.J.C.'s condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. The ALJ properly accounted for C.J.C.'s condition by finding a less than marked limitation in this domain.

This Court finds the ALJ's determination on this domain of function is supported by substantial evidence and should be affirmed.

### 4. **Conclusion:**

Based upon the foregoing, this Court finds that the ALJ's determination, that C.J.C.'s

impairments do not meet and are not medically or functionally equivalent to a Listing, is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

    **ENTERED** this **28th day of September, 2009.**

                                                /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE